Thomas J. Mortell, ISB No. 5135
Tyler J. Anderson, ISB No. 6632
HAWLEY TROXELL ENNIS & HAWLEY LLP
2010 Jennie Lee Drive
Idaho Falls, ID 83404
Telephone:  208-529-3005
Facsimile:  208.954.5245
Email: tmortell@hawleytroxell.com
       tanderson@hawleytroxell.com

Austin Strobel, ISB No. 9803
HAWLEY TROXELL ENNIS & HAWLEY LLP
2010 Jennie Lee Drive
Idaho Falls, ID 83404
Telephone:  208-529-3005
Facsimile:  208.954.5245
Email: astrobel@hawleytroxell.com

Attorneys for Defendants Idaho Elks Rehabilitation Hospital, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JULIE MADSEN, M.D., an individual,<br><br>Relator/Plaintiff,<br><br>vs.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD., an Idaho Corporation, ST. LUKE'S McCALL, LTD., an Idaho Corporation, IDAHO ELKS REHABILITATION HOSPITAL, INC., an Idaho Corporation, WARREN GUDE, M.D., RAYMOND OTTO, M.D., and John/Jane Does I through X, whose true identities are presently unknown, | Case No. 1:15-00210-EJL<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT IDAHO ELK'S REHABILITATION HOSPITAL, INC.'S SECOND MOTION TO DISMISS |

MEMORANDUM IN SUPPORT OF DEFENDANT IDAHO ELK'S REHABILITATION HOSPITAL, INC.'S SECOND MOTION TO DISMISS - 1

40706.0010.11368535.3

Defendants.

Defendant Idaho Elk's Rehabilitation Hospital Inc. ("Elk's"), by and through counsel of record, hereby files this Memorandum in Support of Defendant Idaho Elk's Rehabilitation Hospital, Inc.'s Second Motion to Dismiss.

## I.
## INTRODUCTION

The sole issues before the Court on this motion are whether: (1) Relator Julie Madsen, M.D. ("Relator") has cured deficiencies in pleading a plausible False Claims Act claim against Elk's with particularity; and (2) whether Relator has cured deficiencies in pleading the materiality element of a False Claims Act claim.  As set forth below, the answer to both questions is a resounding "no."

The limited universe of facts relevant to this motion and the procedural history to date were fully and accurately laid out by the Court in the "Background" section of its Order on each of the Defendants' first motions to dismiss dated August 21, 2018 ("Order").  *See* Order [Dkt. 63] at 2-3.  Elk's adopts those facts and that procedural history as if set forth fully herein.  In the Order, the Court first ruled that Relator had failed to plead a plausible violation of the False Claims Act against Elk's (and the other Defendants) with particularity as required by Federal Rules of Civil Procedure 8(a)(2) and 9(b).  *Id.* at 6 (noting that "the allegations in Plaintiff's First Amended Complaint and Demand for Jury Trial (Dkt. 62) are not sufficiently detailed to meet either the plausibility or specificity standards of Rules 8(a) and 9(b)."). Specifically, the Court found that Relator had not pleaded "sufficient and plausible allegations regarding: (1) the false

claims submitted and paid; (2) the specific role of each Defendant in the submission of false claims; and (3) the time period at issue." *Id.* at 9.

Second, the Court ruled that Relator had failed to adequately plead the materiality element of a False Claims Act claim. *Id.* at 12 (noting that "the allegations in are insufficient to support the materiality requirement as a matter of law. Plaintiff concedes she failed to allege materiality. Moreover, the remaining allegations fail to provide a reasonable basis to conclude that, had the Government known of the violation at issue, it would have denied payment"). The Court even went so far as to suggest ways in which Relator could satisfy the False Claims Act's heightened materiality pleading requirement, such as by citing "evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement," such as by providing "examples wherein the Government has rejected claims for telehealth services that were provided without the requisite equipment" or through pointing to industry standards. *Id.*

Rather than dismissing the case on the noted deficiencies, the Court's Order allowed Relator 14 days to cure the deficiencies in her pleading. *Id.* at 14. On September 4, 2018, 14 days after entry of the Order, Relator filed her Third Amended Complaint and Demand for Jury Trial [Dkt. 64] ("Third Amended Complaint") in attempt to cure the pleading deficiencies. As set forth below, however, the Third Amended Complaint fails to cure the plausibility, particularity, or materiality defects in pleading noted by the Court and should be dismissed with prejudice.

## II.
## LEGAL STANDARDS

### False Claims Act and Materiality

To establish a False Claims Act claim brought pursuant to 31 U.S.C. § 3729(a)(1)(A), (B) requires particularized pleading and proof of the following elements: (1) a false or fraudulent claim; (2) that is material to the government's payment decision; (3) is presented for payment; (4) with knowledge that the claim was false or fraudulent.  *United States ex rel. Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1047 (9th Cir. 2012).  For False Claims Act purposes, "material" means "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

"False Claims Act plaintiffs must also plead their claims with plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b) by, for instance, pleading facts to support allegations of materiality." *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2004, 195 L. Ed. 2d 348, fn. 6 (2016).  "The materiality standard is demanding." *Id.* at 2003.  The False Claims Act is not "an all-purpose antifraud statute, … or a vehicle for punishing garden-variety breaches of contract or regulatory violations."  *Id.* (citation omitted). "A misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment." *Id.* "Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance." *Id.*

Indeed, "when evaluating materiality under the False Claims Act, the Government's decision to expressly identify a provision as a condition of payment is relevant, but not automatically dispositive." *Id.* "Likewise, proof of materiality can include, but is not necessarily

MEMORANDUM IN SUPPORT OF DEFENDANT IDAHO ELK'S REHABILITATION HOSPITAL, INC.'S SECOND MOTION TO DISMISS - 4

limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement." *Id.*  In short, the possibility that the government *could* refuse payment if it were aware of alleged violations is insufficient by itself to support a finding of materiality. *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 334 (9th Cir. 2017) (citing *Universal Health Servs., Inc. v. United States, ex rel. Escobar*, 136 S. Ct. 1989, 1995, 195 L. Ed. 2d 348 (2016).

### **Rule 8(a)(2) Plausibility**

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Simplot Livestock Co. v. Sutfin*, No. 1:18-CV-0086-EJL-CWD, 2018 WL 4259229, at *2 (D. Idaho Sept. 6, 2018) (citing *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability standard,' but asks for more than a sheer possibility that a defendant has acted lawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  Although the Court "must take all of the factual allegations in the complaint as true" it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Simplot Livestock Co.*, No. 1:18-CV-0086-EJL-CWD, 2018 WL 4259229, at *2.

**Rule 9(b) Particularity**

Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir. 1994).

## III.
## ARGUMENT

Elk's argument is two-fold.  First, the Third Amended Complaint does not cure Relator's deficiency in pleading a plausible claim with the particularity required by Rules 8(a) and 9(b), respectively.  Second, the Third Amended Complaint does not cure Relator's deficiency in pleading materiality.  For both (and either) of these reasons, and given that the Third Amended Complaint is Relator's fourth "bite at the apple" to adequately plead her case, the Court should dismiss the Third Amended Complaint with prejudice.[1]  This is especially true where the Court

---

[1] Elk's also incorporates by reference the additional arguments made by St. Luke's in Defendants St. Luke's Health System, Ltd. and St. Luke's McCall Ltd.'s Memorandum in Support of their Motion to Dismiss Third Amended Complaint Pursuant to Rules 12(b)(6) and 9(b).

offered roadmap guidance to the Relator in its prior Order [Dkt. 63] and yet still pleading deficiencies exist.

**A.      The Third Amended Complaint does not cure Relator's failure to plead a plausible False Claims Act claim with particularity.**

As set forth above, the Court's Order found that Relator's allegations failed to comply with Rule 8(a)(2)'s plausibility requirement and Rule 9(b)'s particularity requirement for three reasons, namely, the Relator had not pleaded "sufficient and plausible allegations regarding: (1) the false claims submitted and paid; (2) the specific role of each Defendant in the submission of false claims; and (3) the time period at issue."  Order [Dkt. 63] at 9.

In an effort to correct these deficiencies, Relator included new or modified allegations in its Third Amended Complaint at pp. 14-22, ¶¶ 50-73 that were not present in the prior First [sic] Amended Complaint and Jury Demand [Dkt. 62] ("First Amended Complaint").[2]  The new allegations relevant to the plausibility and particularity requirements fall into one of the two following categories:

- An allegation that the United States, prior to its decision not to intervene and during its investigation of the same, concluded that all of the Defendants (again, a global allegation against all Defendants) had submitted false claims for telemedicine services.  Third Am. Compl. at ¶ 50. There is no pleading of the individual Defendants' specific roles in the alleged submission of the false claims.  Moreover, no time period is provided.

- Additional broad, undifferentiated allegations of false claim submissions, e.g., that "[f]alse and fraudulent claims were submitted to Medicare, Medicaid, and/or other governmental payors by Defendants." Third Am. Compl. at ¶¶ 55, 57, 64.  Again, there is no pleading of the individual Defendants' specific roles in the

---

[2] Relator has clarified that the misnamed First Amended Complaint and Jury Demand [Dkt. 62] is actually Relator's Second Amended Complaint.  *See* Third Amended Complaint [Dkt. 64] at 2.

alleged submission of the false claims other than to state that billing sheets were provided by Gude and Otto and then submitted for payment by the Saint Luke's Defendants and Elk's. *Id.* at ¶ 64. No time period is provided.

Plainly, the new and/or modified allegations contained in the Third Amended Complaint do not cure any of the Court's three areas of deficiency. There is still no particularized pleading of which Defendants submitted what alleged false claims at what times, nor is there any particularized pleading of the individual roles of each Defendant in allegedly submitting false claims over a particular time period. While Relator does provide additional details on her alleged involvement and efforts, this does nothing to cure the veritable "soup sandwich" of general, undifferentiated allegations against each of the remaining Defendants. Relator alleges that each of the Defendants submitted false claims, but does not differentiate what types of services these alleged false claims were, nor which Defendant (or Defendants) was/were submitting which types of claims during what particular time period.

The Third Amended Complaint, just as its predecessors, invites "fishing expedition"-style discovery and does not adequately apprise each Defendant of what, precisely, they are being accused. Since the Third Amended Complaint remains a muddle of undifferentiated allegations, Relator has still failed to plead a claim that complies with both the plausibility requirement of Rule 8(a)(2) and the particularity requirement of Rule 9(b). Bluntly, the Relator has not done what the Court asked in its prior Order [Dkt. 63] and, for that reason, the Third Amended Complaint should be dismissed with prejudice.

**B.    The Third Amended Complaint does not cure Relator's failure to adequately plead materiality.**

Under applicable case law, and as recognized by the Court, a relator's complaint must set forth factual allegations showing that the government *would* have, rather than simply *could* have

denied payment.  *See Kelly*, 846 F.3d at 334 ("the possibility that the government would be entitled to refuse payment if it were aware of [a defendant's] alleged violations is insufficient by itself to support a finding of materiality"); Order [Dkt. 63] at 12 (noting that "the remaining allegations fail to provide a reasonable basis to conclude that, had the Government known of the violation at issue, it *would have* denied payment") (emphasis added).  As the Court notes, and as indicated in *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2003, 195 L. Ed. 2d 348 (2016), **"**proof of materiality can include, but is not necessarily limited to, *evidence* that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement." *Universal Health Servs., Inc.*, 136 S. Ct. at 2003; Order [Dkt. 63] at 12.  The Court suggested to Relator that it could have met the materiality requirement by providing examples of circumstances where the government has rejected claims for telehealth services provided without the requisite equipment, or by reference to industry standards.  Order [Dkt. 63] at 12.

Relator's answer to the Court's call for specific and plausible pleading of materiality is ***not*** evidence of similar circumstances in which CMS has rejected similar claims, evidence of industry standards, or other evidence that would suggest that Defendants knew that "the Government consistently refuses to pay claims in the mine run of cases based on noncompliance" with CMS telehealth standards.  Instead, Relator rests on vague and conclusory allegations of "obvious materiality." Third Am. Compl. at ¶ 53. Relator broadly alleges that because of the "centrality" of CMS's telehealth regulations to the provision of telehealth services, CMS "would not likely have paid these claims had it known of these regulatory violations." *See* Third Am. Compl. at ¶¶ 51-53, 56, 59, 72, 73.

MEMORANDUM IN SUPPORT OF DEFENDANT IDAHO ELK'S REHABILITATION HOSPITAL, INC.'S SECOND MOTION TO DISMISS - 9

As before, these revised allegations -- taken as true for purposes of this Rule 12(b)(6) motion -- still only allege that the federal government *could* have denied payment for any telehealth claims submitted by Defendants, not that it *would* have denied payment. Again, notably absent is any effort to follow the suggestions of the Court in its Order. Relator does not plead the existence of any *evidence* or attach any evidence to the Third Amended Complaint showing that the Defendants knew that the Government consistently refuses to pay telehealth claims (or even similar claims) that did not strictly comply with CMS standards. Relator does not plead examples of circumstances where the government has rejected claims for payment for telehealth services (or even similar services) that did not comply with CMS standards. Relator similarly does not plead evidence of any industry standards that would reflect on Defendants' knowledge that the Government would deny any such claims.

Since the Third Amended Complaint fails to cure Relator's deficient pleading of materiality, it should be dismissed with prejudice.

## IV.
## CONCLUSION

Based on the foregoing, the Court can be left with no other conclusion than that Relator simply lacks the "insider" position necessary to maintain a False Claims Act lawsuit against Elk's (or any of the other Defendants). Even after a *fourth* "bite at the apple" in the Third Amended Complaint, Relator has failed to plead the facts surrounding the alleged false claims with the plausibility and particularity required by Federal Rules of Civil Procedure 8(a)(2) and 9(b). Similarly, Relator has not cured the defects in pleading materiality -- an essential element of a False Claims Act claim. As a result, the Third Amended Complaint should be dismissed with prejudice.

DATED THIS 2nd day of October, 2018.

        HAWLEY TROXELL ENNIS & HAWLEY LLP

        By /s/ Austin Strobel
           Thomas J. Mortell, ISB No. 5135
           Tyler J. Anderson, ISB No. 6632
           Austin Strobel, ISB No. 9803
           Attorneys for Defendants Idaho Elks
           Rehabilitation Hospital, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2018, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT IDAHO ELK'S REHABILITATION HOSPITAL, INC.'S SECOND MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Eric S. Rossman | erossman@rossmanlaw.com |
| Erica S. Phillips | ephillips@rossmanlaw.com |
| Kimberly L. Williams | kwilliams@rossmanlaw.com |
| Jason R.N. Monteleone | jason@treasurevalleylawyers.com |
| Carin Anne Marney | marneyc@lanepowell.com |
| Harold A. Malkin | malkinh@lanepowell.com |
| Taylor Washburn | washburnt@lanepowell.com |

/s/ Austin Strobel
Austin Strobel